GETMAN, SWEENEY & DUNN, PLLC

260 Fair Street
Kingston, NY 12401
845-255-9370
fax 845-255-8649
www.getmansweeney.com

**VIA ECF**

August 20, 2026

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
(212) 805-0290
Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

**Re: *Sims v. Montefiore Health System, Inc. et al.*, Case No. 1:26-cv-03841-KPF**

**Joint Letter Motion to Stay Proceedings Pending Class and Collective Settlement Approval in Parallel Action**

Dear Judge Failla,

Getman, Sweeney & Dunn, PLLC is serving as local counsel in this case. Alexander T. Ricke of Sueve Siegel Hanson LLP is lead counsel on this matter. I submit this letter on his behalf.

Plaintiff Lindsey Sims and Defendants Montefiore Health System Inc. and Montefiore Medical Center ("Montefiore" or "Defendants") (collectively, "Parties") hereby respectfully submit their Joint Letter Motion to Stay Proceedings Pending Class and Collective Settlement Approval in a Parallel Action ("Joint Motion"), pursuant to this Court's inherent authority to manage the proceedings before it.

The Parties jointly request the Court enter an Order staying all proceedings in this case pending final approval of an anticipated class and collective settlement in a similar, parallel matter, *Egan, et al. v. Fastaff, LLC, et al.*, Case No. 1:22-cv-03364-CYC (D. Colo.) ("*Egan*"). If approved by Judge Chung of the U.S. District Court for the District of Colorado, the release in *Egan* will extend to Montefiore and resolve Plaintiff Sims' claims here as she is both an opt-in and class member in *Egan*. If approved, the settlement will resolve the claims of the putative class and collective sought in this case as well.

## I. Introduction

The Parties jointly move to stay all proceedings in this case pending final approval of a forthcoming class and collective settlement in *Egan*, which would resolve the claims of the Plaintiff in the present case. Staying this case pending final court approval of the settlement in *Egan* would avoid prejudice to all parties, conserve judicial resources, and protect the interests of non-parties and the public. Second Circuit case law supports entering a stay here. This Court should exercise its broad discretion to manage its docket and grant the Parties' Joint Motion.

## II. Factual and Procedural Background

### A. Plaintiff Sims asserts overtime claims against Montefiore based on her work at Montefiore through third-party staffing company, Fastaff, LLC.

On May 8, 2026, Plaintiff Lindsey Sims filed her Class and Collective Action Complaint in this case. Plaintiff accepted several travel assignments at Montefiore hospitals in New York through the staffing company, Fastaff, LLC. Doc. 1 at ¶¶ 1–7, 31. Plaintiff alleged that Montefiore (in addition to non-party Fastaff) qualified as her employer under the New York Labor Law and FLSA. Complaint, Doc. 1 at ¶¶ 30–36. Plaintiff further alleged that, as her employer, Montefiore was responsible for ensuring she was paid overtime correctly. *Id*. at ¶¶ 14-29. Plaintiff detailed how she was paid "stipends" that were nominally for expense reimbursement but that actually functioned as wages that should have been and were not included in her regular rate of pay for overtime purposes. *Id*.

### B. Plaintiff Sims is an opt-in plaintiff and New York class member in the parallel *Egan* matter.

On February 21, 2024, the plaintiffs in *Egan*[1] filed their operative complaint Second Amended Complaint ("*Egan* Complaint"). Like Plaintiff Sims here, the plaintiffs in *Egan* are travel healthcare clinicians assigned through Fastaff to work temporary, fixed-term assignments at various healthcare facilities around the United States, including at Montefiore's facilities in New York. The Egan plaintiffs asserted Fastaff violated the FLSA and state overtime laws (including under the New York Labor Law) by paying travel stipends that functioned as wages without including them in the regular rate of pay. *See* Ex. 1, *Egan* Complaint, at ¶¶ 74-98 (overtime allegations), ¶¶ 234-244 (allegations regarding New York law).

The Court in *Egan* granted conditional collective certification of the FLSA claims following a stipulation by the parties. *Egan*, Doc. 42. Plaintiff Sims filed a Consent to Join in *Egan*. The Court in Egan also certified three classes, including a New York class, on September 30, 2025, which was defined as follows:

---

[1] The plaintiffs in *Egan* are represented by Stueve Siegel Hanson LLP, co-counsel for Plaintiff Sims here.

> **The New York Class:** Any person who entered into an agreement with Fastaff to work at a facility in New York who (1) worked more than 40 hours in a workweek, (2) who was paid a stipend during that workweek, and (3) whose regular rate of pay did not include the value of that stipend from six years prior to the filing of the Complaint through the date of the Court's class certification order.

*Egan v. Fastaff, LLC*, 2025 WL 2781227, at *5 (D. Colo. Sept. 30, 2025).

### C. The *Egan* settlement

On August 11, 2026, the parties in *Egan* agreed to terms of a settlement ("*Egan* Settlement") that will resolve the FLSA collective and state law class overtime claims. The parties notified the Court in Egan of the settlement on August 19, 2026 and anticipate a motion for preliminary approval will be filed within 45 days. *See* Ex. 2, *Egan* Notice of Settlement. The *Egan* Settlement encompasses, and would resolve, the claims of Plaintiff and the putative class and collective in this case as the release in *Egan* will extend to hospital facilities who engaged workers through Fastaff, like Montefiore.

## III. Argument and Authorities

"A district court may stay an action pursuant to 'the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.'" *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *2 (S.D.N.Y. Apr. 28, 2014) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). While a stay "is 'not a matter of right' . . . it is an 'exercise of judicial discretion.'" *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 512 (S.D.N.Y. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009)) (citing *Maldonado–Padilla v. Holder*, 651 F.3d 325, 327 (2d Cir. 2011)). "Courts consider five factors when determining whether to grant a stay: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Id.* (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1059 (S.D.N.Y. 1996)). "Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them." *Id.* (quoting *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.,* 99 F.Supp.3d 288, 315 (E.D.N.Y. 2015) and collecting cases).

Here, the Court should exercise its discretion to stay the proceedings in this case pending final approval of the forthcoming settlement agreement in *Egan*. First, the claims of Plaintiff Sims in this case are encompassed by those in *Egan*, which will be released upon final approval and the triggering of the effective date as set forth in the final settlement agreement. Second, all *Kappel* factors support the entry of a stay here. The Parties to this case will not be prejudiced by the stay, and in fact there is risk of prejudice to the Parties if the Court does not enter a stay in this case. A stay would advance the interests of the courts by preserving judicial resources and

avoiding inconsistent rulings. And a stay would serve the interest of nonparties and the public. Finally, case law strongly supports entering a stay in these circumstances.

### A. The claims of Plaintiff Sims in this case will be released by the settlement in *Egan*.

Plaintiff Sims is an opt-in plaintiff and a member of the New York class in *Egan*. Although Montefiore is not a party to *Egan*, the release in *Egan* will extend to Plaintiff Sims' claims against Montefiore pending in this case. That the *Egan* settlement will resolve Plaintiff's claims here supports a stay. *See Albert*, 232 F. Supp. 3d at 512 ("The Second Circuit has held that 'class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the 'identical factual predicate' as the settled conduct,'" and, "[f]urthermore, 'parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action.'" (quoting *Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005); *Caspian Investments, Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991)).

### B. The Parties here will not be prejudiced by a stay pending the outcome of the settlement approval proceedings in *Egan* and may be prejudiced absent a stay here.

The first two *Kappell* factors weigh heavily in favor of entering a stay here. A stay would advance the interests of all Parties to this case. If litigation were to continue in this case, the Parties will expend considerable time and resources with dispositive motion briefing and discovery. Assuming the *Egan* Settlement is given final approval, these resources will have been expended in vain. Because all Parties to this action jointly seek a stay, any potential risk of prejudice to any Party is mitigated. Indeed, continuing with litigation in this case while the settlement approval proceedings are pending in *Egan* would carry the risk of prejudicing all Parties, given the likelihood that the *Egan* Settlement will be approved. For example, if a stay is not entered in this case, there is the possibility of duplicative hearings and motion practice, with potentially conflicting rulings affecting the overlapping collective and classes. These factors therefore support granting the Parties' Joint Motion.

### C. A stay here will Serve the interests of the Courts, non-parties, and the public.

The remaining factors further warrant a stay. First, entering a stay would preserve judicial resources by avoiding rulings on motions and other disputes that will likely become moot if the *Egan* Settlement is approved. This Court would be unnecessarily burdened if a stay is not entered in this case. Second, a stay would further serve the courts' interest by avoiding potentially inconsistent outcomes on claims that overlap with those asserted in *Egan*. And, in the unlikely event that the *Egan* Settlement is not approved, the Parties here can move to lift the stay and resume litigation of this case. To that end, the Parties stand ready and willing to provide the Court with periodic status reports, to the extent the Court would find them helpful. For similar reasons, a stay would advance the interests of non-parties and the public. A stay would also

encourage efficient consolidation and resolution of overlapping claims through the class and collective settlement processes.

### D. Courts routinely stay matters when a pending class action settlement could impact the claims in the case at hand.

"Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them," even when the stay is contested. *Albert*, 232 F. Supp. 3d at 512 (collecting cases) (granting contested motion to stay all proceedings in consumer class action pending settlement approval in parallel class action); *In re HSBC Bank*, 99 F. Supp. 3d at 315 (collecting cases) (staying class certification proceedings in overdraft fee class action pending resolution of settlement approval process in parallel state court class action to avoid risk of inconsistent outcomes). Especially considering the joint nature of the stay sought here, the case law weighs even more strongly in favor of granting the Parties' Joint Motion.

## IV. Conclusion

For these reasons, the Court should grant the Parties' Joint Motion and stay all proceedings in this case pending final approval of the forthcoming settlement in *Egan*.

Undersigned counsel have conferred with counsel for Defendants, and can confirm that Defendants join this request.

Sincerely,

/s/ Matt Dunn
Plaintiff's Counsel

CC:

All counsel of record via ECF

Application GRANTED.

All proceedings in this case are STAYED, pending final approval of the forthcoming settlement in *Egan, et al*. v. *Fastaff, LLC,* et al., No. 1:22-cv-03364-CYC (D. Colo. filed Feb. 21, 2024).

The parties are directed to provide a joint status update to the Court within a week of the decision in *Egan* or November 23, 2026, whichever comes first.

The Clerk of Court is directed to terminate the pending motion at docket entry 13.

Dated: August 24, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE